UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| U.S. Commodity Futures Trading Commission,<br><br>Plaintiff,<br><br>v.<br><br>Nicholas Cosmo,<br>Agape World, Inc., and<br>Agape Merchant LLC,<br><br>Defendants. | ) | 09-351 (LDW)<br><br>ECF Case |

**[PROPOSED] CONSENT ORDER OF PRELIMINARY INJUNCTION**

Plaintiff, U.S. Commodity Futures Trading Commission (the "Commission") has filed a Complaint against Defendants Nicholas Cosmo ("Cosmo"), Agape World, Inc. ("Agape World"), and Agape Merchant Advance, LLC ("Agape Merchant") (collectively "Defendants") for Permanent Injunction, Civil Penalties, and Other Equitable Relief, and moved for an *Ex Parte* Statutory Restraining Order and Preliminary Injunction. The Court issued a Statutory Restraining Order on January 27, 2009.

As it appears to the Court that there is good cause to believe that Defendant Agape World has engaged, is engaging in, or is about to engage in violations of the Commodity Exchange Act, as amended ("Act") 7 U.S.C. §§ 1 *et. seq*. (2006), and that this is a proper case for granting a preliminary injunction to preserve the *status quo*, protect public customers from further loss and damage, and enable the Commission to fulfill its statutory duties, the Court enters this Order as follows:

## DEFINITIONS

For the purposes of this Order, the following definitions apply:

1. "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, including but not limited to chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables, contracts, insurance policies, and all cash, wherever located, whether in the United States or abroad.

2. The term "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes, but is not limited to, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonable usable form. A draft or non-identical copy is a separate document within the meaning of the term.

3. The term "Defendants" refers to Nicholas Cosmo, Agape World, Inc., Agape Merchant Advance LLC, and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee, or attorney of any of the Defendants, and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with any of the Defendants.

**Consents and Agreements:**

4. Agape World is currently the debtor in a bankruptcy proceeding in the bankruptcy court for this District (the "Bankruptcy Court"). See In Re: Agape World, Inc., (8-09-70660-DTE). Kenneth P. Silverman was appointed the interim chapter 7 Trustee ("Trustee") pursuant to 11 U.S.C. §§ 303(g) and 701.

5. The Trustee has commenced an adversary proceeding in the Bankruptcy Court, Adv. Pro. No. 09-08093 (DTE), to substantively consolidate certain of Agape World's affiliates with Agape World, including Agape Merchant.

6. The Trustee for Defendant Agape World, without admitting or denying the allegations of the Complaint for the purposes of this Consent Order of Preliminary Injunction ("Consent Order"), except as to jurisdiction and venue, which he admits, consents to the entry of this Consent Order, subject to the parties' express understanding that this Consent Order is not directed to and affords no relief against the Trustee, his agents, representatives, or attorneys, or against the bankruptcy estate of Agape World.

7. The Trustee affirms that he has agreed to this Consent Order voluntarily, and that no other threat or promise, other than as specifically contained herein, has been made by the Commission or any member, officer, agent or representative thereof, to induce him to consent to this Consent Order.

8. The Trustee acknowledges receipt of copies of the summons and Complaint.

9. The Trustee waives the entry of findings of fact and conclusions of law for the purposes of this Consent Order pursuant to Rule 52 of the Federal Rules of Civil Procedure.

## I.

### *Jurisdiction and Venue*

**THE PARTIES AGREE AND IT IS HEREBY ORDERED** that:

10. This Court has jurisdiction over Defendant Agape World and the subject matter of this case pursuant to Section 6c(a) of the Commodity Exchange Act (the "Act") 7 U.S.C. § 13a-1(a) (2006), which authorizes the Commission to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation, or order thereunder.

11. The pending bankruptcy matter does not affect the Commission's ability to file an action for injunctive relief seeking to enjoin the Defendants' fraud. Such regulatory actions fall under an exception to the bankruptcy stay provisions. *CFTC v. AVCO Financial Corp.*, 979 F.Supp. 232, 235 (S.D.N.Y. 1997); *CFTC v. Co Petro Marketing Group, Inc.*, 700 F.2d 1279 (9th Cir. 1983); *In re Dolan*, 265 B.R.471, 481 (Bkrtcy M.D. Fla. 2001) (an action to enjoin illegal conduct and to obtain restitution for that conduct "falls squarely within the scope of the [Section] 362(b)(4) exception.").

12. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. §13a-1(e), in that Defendants are found, inhabit, or transact business in this district, and the conduct that allegedly violated the Act has occurred, is occurring, or is about to occur within this district. The parties agree that the facts alleged in the complaint occurred prior to the appointment of the Trustee for Defendant Agape World.

## II.

***Prohibition from Violating the Act***

**THE PARTIES AGREE AND IT IS HEREBY ORDERED** that:

13. Defendant Agape World, except as otherwise ordered by this Court, is restrained and preliminarily enjoined from directly or indirectly:

A. Cheating or defrauding or attempting to cheat or defraud other persons, or willfully deceiving or attempting to deceive by any means whatsoever other persons in or in connection with orders to make, or the making of, contracts of sale of commodities, for future delivery, made, or to be made, for or on behalf of such other persons where such contracts for future delivery were or may have been used for (a) hedging any transaction in interstate commerce in such commodity, or the produce or byproducts thereof, or (b) determining the price basis of any transaction in interstate commerce in such commodity, or (c) delivering any such commodity sold, shipped or received in interstate commerce for the fulfillment thereof in violation of Sections 4b(a)(2)(i) and (iii) of the Act, 7 U.S.C. §§ 6b(a)(2)(i) and (iii) (2006);

B. in or in connection with any order to make, or the making of, any contract of sale of any commodity in interstate commerce or for future delivery that is made, or to be made, on or subject to the rules of a designated contract market, for or on behalf of any other person – (A) cheating or defrauding or attempting to cheat or defraud the other person; or (C) willfully deceiving or attempting to deceive the other person by any means whatsoever in regard to any order or contract or the disposition or execution of any order or contract, or in regard to any act of agency performed, with respect to any order or contract for the other person in violation of Sections 4b(a)(1)(A) and (C) of the Act as amended by the CFTC Reauthorization Act ("CRA"), §§ 13101-13204, 122 Stat. 1651 (effective June 18, 2008) to be codified at 7 U.S.C. §§ 6b (a)(1)(A) and (C); or

C. engaging in any activity related to trading in any commodity, as that term is defined in Section 1a(4) of the Act, 7 U.S.C. § 1a(4), ("commodity interest"), including but not limited to the following:

(1) Trading on or subject to the rules of any registered entity, at that term is defined in Section 1a(29) of the Act, 7 U.S.C. § 1a(29) (2006);

(2) Engaging in, controlling or directing the trading for any commodity interest account for or on behalf of any other person or entity, whether by power of attorney or otherwise;

(3) Soliciting, receiving, or accepting any funds from any person in connection with the purchase or sale of any commodity interest contract;

Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Commission Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2008), or acting as a principal, agent or any other officer or employee of any person registered, exempted from registration or required to be registered with the Commission, except as provided for in Commission Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2008);

(4) Entering into any commodity interest transactions for its own personal accounts, for any account in which it has a direct or indirect interest and/or having any commodity interests traded on its behalf; and/or

(5) Engaging in any business activities related to commodity interest trading.

## III.

*Asset Freeze*

**THE PARTIES AGREE AND IT IS HEREBY ORDERED** that:

14. Defendant Agape World, except as otherwise ordered by this Court, is enjoined from directly or indirectly:

A. Transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of any assets, wherever located, including assets held outside the United States, in existence before the filing of the involuntary bankruptcy petition, except as otherwise ordered by the Court; or

B. Opening or causing to be opened any safe deposit boxes titled in the name or subject to access by any of the Defendants.

C. The asset freeze portion of this Consent Order contained in subparagraphs A and B of this paragraph 14 is not directed to, does not apply to, and affords no relief against the Trustee, his agents, representatives or attorneys and it shall be enforced in a manner which is consistent with orders of the Bankruptcy Court and applicable bankruptcy laws that govern all property of the bankruptcy estate of Agape World.

## IV.

### *Identification and Preservation of Assets*

**THE PARTIES AGREE AND IT IS HEREBY ORDERED** that:

15. Pending further order of this Court, any financial or brokerage institution, business entity, or person that holds, controls, or maintains custody of any account or asset titled in the name of, held for the benefit of, or otherwise under the control of Defendant Agape World, or has held, controlled, or maintained custody of any such account or asset of Defendant Agape World at any time since January 1, 2004 shall:

A. Prohibit Defendant Agape World and all other persons, except the Trustee, from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling or otherwise disposing of any such asset, other than to preserve said property to be delivered to the bankruptcy Trustee upon further order of this Court or the Bankruptcy Court;

B. Deny Defendant Agape World and all other persons, except the Trustee, access to any safe deposit box that is: (1) titled in the name of any Defendant either individually or jointly; or (2) otherwise subject to access by any Defendant other than to preserve said property to be delivered to the bankruptcy Trustee upon further order of this Court or the Bankruptcy Court;

C. Upon request by the Commission, promptly provide the Commission with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; and

D. Cooperate with all reasonable requests of the Commission relating to implementation of this Consent Order, including producing records related to Defendants' accounts.

**V.**

***Maintenance of and Access to Business Records***

**THE PARTIES AGREE AND IT IS HEREBY ORDERED** that:

16. Defendant Agape World, and all persons or entities who receive notice of this Consent Order by personal service or otherwise, are enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or business finances of any Defendant.

## VI.

### *Commission's Access to and Inspection of Documents*

**THE PARTIES AGREE AND IT IS HEREBY ORDERED** that:

17. The Trustee and Defendant Agape World shall cooperate fully with the Commission to locate and provide to Representatives of the Commission, upon reasonable notice, all books, records, and other documents of Defendant Agape World and its agents including, but not limited to, paper documents, electronically stored data, tape recordings, and computer discs, wherever they may be situated and whether they are in the possession of any of the Defendants or others, and, upon reasonable notice, permit representatives of the Commission to make copies of said books and records. The Trustee agrees to provide the Commission with reasonable notice if destruction or modification of the records in his custody becomes necessary or is ordered by the Bankruptcy Court.

18. Nothing herein shall be deemed to require the Trustee to waive any attorney-client, attorney work-product, or other applicable privilege, which privileges the Trustee intends to preserve.

## VII.

### *Service of Order*

**THE PARTIES AGREE AND IT IS HEREBY ORDERED** that:

19. Copies of this Consent Order may be served by any means, including facsimile transmission, upon any financial institution or other entity or person that may

have possession, custody, or control of any documents or assets of Defendant Agape World or that may be subject to any provision of this Consent Order.

## VIII.

### *Service on the Commission*

**THE PARTIES AGREE AND IT IS HEREBY ORDERED** that:

20. Defendant Agape World shall serve all notices and other such materials required by this Consent Order, and other materials on the Commission by delivering a copy to Elizabeth C. Brennan, Senior Trial Attorney, Division of Enforcement, U.S. Commodity Futures Trading Commission, Eastern Regional Office, 140 Broadway, 19th Floor, New York, New York 10005.

## IX.

### *Force and Effect of Order*

**THE PARTIES AGREE AND IT IS HEREBY ORDERED** that:

21. This Consent Order shall remain in full force and effect until further order of this Court, and that this Court retains jurisdiction of this matter for all purposes.

## X.

### *Bankruptcy Litigation*

**THE PARTIES AGREE AND IT IS HEREBY ORDERED** that:

22. Notwithstanding any other provision of this Consent Order, the Trustee's administration of Agape World's bankruptcy estate and (to the extent applicable) the Trustee's maintenance of some or all of Agape World's investors' property, cash, securities, accounts and account balances in a *status quo* position pending a

determination by the United States Bankruptcy Court with jurisdiction over Agape World's bankruptcy case concerning the ownership, use and disposition of such property, cash, securities, accounts and account balances, and any liquidation or other disposition of such property, cash, securities, accounts and account balances pursuant to order of the Bankruptcy Court, shall not be prohibited or restricted or constrained by this Consent Order in any manner, even though such property, cash, securities, accounts and/or account balances were not previously maintained by Agape World in accordance with applicable law or this Consent Order. The parties hereto do not intend to, and nothing herein shall, affect or impede or expand in any manner the Trustee's administration of the Agape World bankruptcy estate in accordance with provisions of the United States Bankruptcy Code including, but not limited to, Bankruptcy Code §701 et. seq.

23. Nothing in this Consent Order is intended to limit or constrain or expand the Trustee's fulfillment of his responsibilities and duties as Trustee under the laws of the United States, the Bankruptcy Code and/or the order of the United States Bankruptcy Court, including but not limited to those duties related to the maintenance, preservation, marshalling, sale, and distribution of Agape World assets in accordance with the above authority, including any distribution or liquidation of assets as approved by the Courts or to limit or expand in any way the protection he is afforded under those laws and the duties he may fulfill and discharge pursuant to the Bankruptcy Code.

24. The Trustee's consent to this Order is contingent upon the Trustee's obtaining a final order from the Bankruptcy Court approving the Trustee's consent to the order pursuant to Federal Rule of Bankruptcy Procedure 9019.

## XI.

***Stay of Proceedings***

**THE PARTIES AGREE AND IT IS HEREBY ORDERED** that:

25. All litigation of this matter is stayed, including filing of an answer pursuant to Federal Rule of Civil Procedure 8(b) and all other filings, appearances and discovery, until the related criminal matter now pending in the Eastern District of New York, *U.S. v. Nicholas Cosmo,* Docket # 09-M-0066, has been resolved by Final Judgment and Order by the District Court. This stay shall not preclude resolution of this matter through settlement.

26. The parties hereto do not intend by any provision of this Consent Order to create any third-party beneficiaries nor to confer any benefit, or enforceable rights under this Consent Order or otherwise, upon any person or entity other than the parties hereto.

**SO AGREED** on this 20th day of March, 2009.

**Plaintiff**
U.S. Commodity Futures Trading Commission

By: ______________________
Elizabeth Brennan
140 Broadway, 19th floor
New York, NY 10005

**Defendant Agape World, Inc.**

By: ______________________
Jay Hellman
Ronald Friedman
Counsel to Kenneth P. Silverman, Bankruptcy Trustee on behalf of Agape World, Inc.

**SO ORDERED**, this _____ day of __________________, 2009.

______________________________
Honorable Leonard D. Wexler, U.S.D.J.