UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. Commodity Futures Trading Commission,<br><br>Plaintiff,<br><br>v.<br><br>Nicholas Cosmo,<br>Agape World, Inc., and<br>Agape Merchant Advance, LLC,<br><br>Defendants. | 09-0351 (LDW)<br><br>ECF Case |

**CONSENT ORDER OF PRELIMINARY INJUNCTION**

Plaintiff, U.S. Commodity Futures Trading Commission (the "Commission") has filed a Complaint against Defendants Nicholas Cosmo ("Cosmo"), Agape World, Inc. ("Agape World"), and Agape Merchant Advance, LLC ("Agape Merchant") (collectively "Defendants") for Permanent Injunction, Civil Penalties, and Other Equitable Relief, and moved for an *Ex Parte* Statutory Restraining Order and Preliminary Injunction. The Court issued a Statutory Restraining Order on January 27, 2009. Defendant Cosmo consents to the entry of this Order for Preliminary Injunction ("Order") without an adjudication of the merits on any issue of fact or law, without waiving any privileges under the United States Constitution or any other rights or privileges, and without admitting or denying the allegations of the Complaint filed in this action except as to venue and the Court's jurisdiction over the Defendant Cosmo for purposes of this Order. As it appears to the Court that there is good cause to believe that Defendant Cosmo has engaged, is engaging in, or is about to engage in violations of the Commodity Exchange Act, as amended ("Act") 7 U.S.C. §§ 1 *et. seq.* (2006), and that this is a proper case for granting a

preliminary injunction to preserve the *status quo*, protect public customers from further loss and damage, and enable the Commission to fulfill its statutory duties, the Court enters this Order as follows:

## DEFINITIONS

For the purposes of this Order, the following definitions apply:

1. "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, including but not limited to chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables, contracts, insurance policies, and all cash, wherever located, whether in the United States or abroad.

2. The term "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes, but is not limited to, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonable usable form. A draft or non-identical copy is a separate document within the meaning of the term.

3. The term "Defendants" refers to Nicholas Cosmo, Agape World, Inc., Agape Merchant Advance LLC, and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee, or attorney of any of the Defendants, and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with any of the Defendants.

## I.

### *Jurisdiction and Venue*

**THE PARTIES AGREE AND IT IS HEREBY ORDERED** that:

4. This Court has jurisdiction over Defendant Cosmo and the subject matter of this case pursuant to Section 6c(a) of the Commodity Exchange Act (the "Act") 7 U.S.C. § 13a-1(a) (2006), which authorizes the Commission to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation, or order thereunder.

5. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. §13a-1(e), in that Defendants are found, inhabit, or transact business in this district, and the conduct that allegedly violated the Act has occurred, is occurring, or is about to occur within this district.

## II.

### *Prohibition from Violating the Act*

**THE PARTIES AGREE AND IT IS HEREBY ORDERED** that:

6. Defendant Cosmo, except as otherwise ordered by this Court, are restrained and preliminarily enjoined from directly or indirectly:

A. Cheating or defrauding or attempting to cheat or defraud other persons, or willfully deceiving or attempting to deceive by any means whatsoever other persons in or in connection with orders to make, or the making of, contracts of sale of commodities, for future delivery, made, or to be made, for or on behalf of

such other persons where such contracts for future delivery were or may have been used for (a) hedging any transaction in interstate commerce in such commodity, or the produce or byproducts thereof, or (b) determining the price basis of any transaction in interstate commerce in such commodity, or (c) delivering any such commodity sold, shipped or received in interstate commerce for the fulfillment thereof in violation of Sections 4b(a)(2)(i) and (iii) of the Act, 7 U.S.C. §§ 6b(a)(2)(i) and (iii) (2006);

B. in or in connection with any order to make, or the making of, any contract of sale of any commodity in interstate commerce or for future delivery that is made, or to be made, on or subject to the rules of a designated contract market, for or on behalf of any other person – (A) cheating or defrauding or attempting to cheat or defraud the other person; or (C) willfully deceiving or attempting to deceive the other person by any means whatsoever in regard to any order or contract or the disposition or execution of any order or contract, or in regard to any act of agency performed, with respect to any order or contract for the other person in violation of Sections 4b(a)(1)(A) and (C) of the Act as amended by the CFTC Reauthorization Act ("CRA"), §§ 13101-13204, 122 Stat. 1651 (effective June 18, 2008) to be codified at 7 U.S.C. §§ 6b (a)(1)(A) and (C); or

C. engaging in any activity related to trading in any commodity, as that term is defined in Section 1a(4) of the Act, 7 U.S.C. § 1a(4), ("commodity interest"), including but not limited to the following:

(1) Trading on or subject to the rules of any registered entity, at that term is defined in Section 1a(29) of the Act, 7 U.S.C. § 1a(29) (2006);

(2) Engaging in, controlling or directing the trading for any commodity interest account for or on behalf of any other person or entity, whether by power of attorney or otherwise;

(3) Soliciting, receiving, or accepting any funds from any person in connection with the purchase or sale of any commodity interest contract; Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Commission Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2008), or acting as a principal, agent or any other officer or employee of any person registered, exempted from registration or required to be registered with the Commission, except as provided for in Commission Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2008);

(4) Entering into any commodity interest transactions for her own personal accounts, for any account in which he/it has a direct or indirect interest and/or having any commodity interests traded on his/its behalf; and/or

(5) Engaging in any business activities related to commodity interest trading.

## III.

### *Asset Freeze*

**THE PARTIES AGREE AND IT IS HEREBY ORDERED** that:

7. Defendant Cosmo, except as otherwise ordered by this Court, is enjoined from directly or indirectly:

A. Transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of any assets, wherever located, including assets held outside the United States, except as otherwise ordered by the Court; or

B. Opening or causing to be opened any safe deposit boxes titled in the name or subject to access by any of the Defendants.

## IV.

### *Accounting of Assets*

**THE PARTIES AGREE AND IT IS HEREBY ORDERED** that:

8. Within five (5) business days following the service of this Order, Defendant Cosmo shall:

A. Provide the Commission with a full accounting of all funds, documents, and assets both within and outside the United States which are (1) titled in the name individually or jointly of any Defendant; or (2) held by person or entity, for the benefit of any Defendant; or (3) under such Defendant's direct or indirect control, whether jointly or singly, unless such accounting has already been provided;

B. Provide the Commission access to all records of accounts or assets of Defendant Cosmo held by financial institutions located both within and outside the territorial

United States by signing the Consent to Release of Financial Records attached to this Order, unless such access has already been provided.

V.

***Identification and Preservation of Assets***

**THE PARTIES AGREE AND IT IS HEREBY ORDERED** that:

9. Pending further Order of this Court that any financial or brokerage institution, business entity, or person that holds, controls, or maintains custody of any account or asset titled in the name of, held for the benefit of, or otherwise under the control of Defendant Cosmo, or has held, controlled, or maintained custody of any such account or asset of Defendant Cosmo at any time since January 1, 2004 shall:

A. Prohibit Defendant Cosmo and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling or otherwise disposing of any such asset, except as directed by further order of the Court;

B. Deny Defendant Cosmo and all other persons access to any safe deposit box that is: (1) titled in the name of any Defendant either individually or jointly; or (2) otherwise subject to access by any Defendant;

C. Provide the Commission, unless already so provided, within five (5) business days of receiving a copy of this Order, a statement setting forth:

(1) the identification number of each such account or asset titled in the name, individually or jointly, of any of the Defendants or held on behalf of, or for the benefit of, any of the Defendants, or under the control of any of the Defendants;

(2) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, the name of the person or entity to whom such account or other asset was remitted; and

(3) the identification of any safe deposit box that is either titled in the name, individually or jointly, of any Defendant, or is otherwise subject to access by any Defendant;

D. Upon request by the Commission, promptly provide the Commission with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; and

E. Cooperate with all reasonable requests of the Commission relating to implementation of this Order, including producing records related to Defendants' accounts.

## VI.

## *Maintenance of and Access to Business Records*

**THE PARTIES AGREE AND IT IS HEREBY ORDERED** that:

10. Defendant Cosmo, and all persons or entities who receive notice of this Order by personal service or otherwise, are enjoined from directly or indirectly destroying, mutilating,

erasing, altering, concealing or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or business finances of any Defendant.

## VII.

## *Commission's Access to and Inspection of Documents*

**THE PARTIES AGREE AND IT IS HEREBY ORDERED** that:

11. Representatives of the Commission be immediately allowed to inspect the books, records, and other documents of Defendant Cosmo and his agents including, but not limited to, paper documents, electronically stored data, tape recordings, and computer discs, wherever they may be situated and whether they are in the possession of any of the Defendants or others, and to copy said documents, data and records, either on or off the premises where they may be situated. Upon request of the Commission, Defendant Cosmo is ordered to deliver to the Commission documents of any of the Defendant, including but not limited to all books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, cancelled checks, records of wire transfers, and check registers), lists of customers, title documents, other papers, all keys, computer passwords, entry codes, and combinations to locks necessary to gain or to secure access to any of the assets or documents of any of the Defendants, including but not limited to, access to the Defendant's business premises, means of communication, accounts, computer systems, or other property and information identifying the accounts, employees, properties, or other assets or obligations of the Defendants.

## VIII.

### *Repatriation of Foreign-Held Assets and Production of Documents*

**THE PARTIES AGREE AND IT IS HEREBY ORDERED** that:

12. Defendant Cosmo shall transfer to the territory of the United States all funds, documents, and assets located in foreign countries which are (1) titled in the name individually or jointly of Defendant Cosmo; or (2) held by a person or entity for the benefit of Defendant Cosmo; or (3) under Defendant Cosmo's direct or indirect control, whether jointly or singly.

## IX.

### *Service of Order*

**THE PARTIES AGREE AND IT IS HEREBY ORDERED** that:

13. Copies of this Order may be served by any means, including facsimile transmission, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of Defendant Cosmo or that may be subject to any provision of this Order.

## X.

### *Expedited Discovery*

**THE PARTIES AGREE AND IT IS HEREBY ORDERED** that:

14. The parties are granted leave, at any time after service of this Order, to take the deposition of and demand the production of documents from any person or entity for the purpose of discovering the nature, location, status, and extent of assets of Defendant Cosmo, and the location of documents reflecting the business transactions of Defendant Cosmo; forty-eight (48)

hours notice shall be deemed sufficient for any such deposition and five (5) days notice shall be deemed sufficient for the production of any such documents.

## XI.

### *Depositions*

**THE PARTIES AGREE AND IT IS HEREBY ORDERED** that:

15. The limitations and conditions set forth in Federal Rule of Civil Procedure 30(a)(2)(B) regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this Order. No depositions taken pursuant to paragraph XVI shall count toward the ten-deposition limit set forth in Federal Rule of Civil Procedure 30(a)(2)(A).

## XII.

### *Service on the Commission*

**THE PARTIES AGREE AND IT IS HEREBY ORDERED** that:

16. Defendant Cosmo shall serve all notices and other such materials required by this Order, and other materials on the Commission by delivering a copy to Elizabeth C. Brennan, Senior Trial Attorney, Division of Enforcement, U.S. Commodity Futures Trading Commission, Eastern Regional Office, 140 Broadway, 19th Floor, New York, New York 10005.

## XIII.

### *Force and Effect of Order*

**THE PARTIES AGREE AND IT IS HEREBY ORDERED** that:

17. This Order shall remain in full force and effect until further order of this Court, and that this Court retains jurisdiction of this matter for all purposes.

## XIV.

***Stay of Proceedings***

**THE PARTIES AGREE AND IT IS HEREBY ORDERED** that:

18. All litigation of this matter is stayed, including filing of an answer pursuant to Federal Rule of Civil Procedure 8(b) and all other filings, appearances and discovery, until the related criminal matter now pending in the Eastern District of New York, *U.S. v. Nicholas Cosmo*, Docket # 09-M-0066, has been resolved by Final Judgment and Order by the District Court. This stay shall not preclude resolution of this matter through settlement.

**SO AGREED** on this 18th day of March, 2009.

**Plaintiff**
U.S. Commodity Futures Trading Commission

By: [signature]
Elizabeth C. Brennan
140 Broadway, 19th floor
New York, NY 10005

**Defendant Nicholas Cosmo**

By: [signature]
Nicholas Cosmo

**SO ORDERED**, this _____ day of ________________, 2009.

_______________________________
Honorable Leonard D. Wexler, U.S.D.J.

CONSENT TO RELEASE OF FINANCIAL RECORDS

I, Nicholas Cosmo, do hereby direct any bank or trust company at which I have a bank account of any kind upon which I am authorized to draw, and its officers, employees and agents, to disclose all information and deliver copies of all documents of every nature in your possession or control which relate to said bank accounts to any attorney of the U.S. Commodity Futures Trading Commission, and to give evidence relevant thereto, in the matter of U.S. Commodity Futures Trading Commission v. Nicholas Cosmo, Agape World, Inc., and Agape Merchant Advance, LLC, now pending before the United States District Court for the Eastern District of New York, and this shall be irrevocable authority for so doing. This direction is intended to apply to the laws of countries other than the United States which restrict or prohibit the disclosure of bank information without the consent of the holder of the account, and shall be construed as consent with respect thereto, and the same apply to any of the bank accounts for which I may be a relevant principal.

Dated: ______________________, 2009

[signature]
Signature