UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| U.S. COMMODITY FUTUERS TRADING COMMISSION,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>NICHOLAS COSMO, AGAPE WORLD, INC. and AGAPE MERCHANT ADVANCE LLC,<br><br>　　　　　　　　Defendants. | 09 CV 00351 (LDW-ARL)<br><br>Declaration In Support Of Plaintiff's Application For Entry Of Judgment By Default Against Defendant Nicholas Cosmo With Ancillary Equitable Relief |

---

I, Philip D. Rix, do hereby declare under penalty of perjury as follows:

1.　　I am a Futures Trading Investigator in the Division of Enforcement ("Division") of the United States Commodity Futures Trading Commission ("Commission"). I have been so employed since 1975. My responsibilities as a Futures Trading Investigator include investigating registered and unregistered commodity firms and individuals located throughout the United States in order to ensure compliance with and enforcement of the Commodity Exchange Act and the rules and regulations promulgated thereunder. I make this declaration in support of the Commission's Application for Entry of a Judgment by Default Against Defendant Nicholas Cosmo With Ancillary Equitable Relief (the "Application").

2.　　I have been assigned to the Commission's investigation of Nicholas Cosmo ("Cosmo"), Agape World, Inc. ("AWI") and Agape Merchant Advance LLC ("AMA") (hereinafter collectively called "Defendants").

3. I am fully familiar with the facts related to and documents obtained during the Commission's investigation of the Defendants discussed in this declaration.

4. On January 27, 2009, the Commission filed a complaint under seal against the Defendants charging them with cheating, defrauding and deceiving Agape World Inc. ("AWI") and Agape Merchant Advance LLC ("AMA") investors in violation of the Commodity Exchange Act ("CEA"). Attached hereto as Exhibit A is a copy of the Complaint filed in this matter.

5. On January 29, 2009, the U.S. Marshal's Service personally served Cosmo with copies of the summons, complaint, and associated documents. Attached hereto as Exhibit B and C are copies of the U.S. Department of Justice United States Marshals Service "Process Receipt and Return" documents verifying service of process upon Cosmo.

6. Cosmo failed to answer or otherwise defend the Complaint. Attached hereto as Exhibit D is a copy of the Docket Sheet in the instant litigation as of September 25, 2012.

7. On July 26, 2012 the Clerk of the U.S. District Court for the Eastern District of New York entered a default against Cosmo pursuant to Local Rule 55.1 and Rule 55(a) of the Federal Rules of Civil Procedure. Attached hereto as Exhibit E is a true and correct copy of the Clerk's Certificate of Default of Defendant Cosmo, ECF Docket Entry # 34, entered on July 26, 2012.

8. Attached hereto as Exhibit F is a true and correct copy of the plea proceedings in *USA v. Nicholas Cosmo*, 09-CR-255, held on October 29, 2010. Among the relevant portions of Cosmo's plea proceeding are as follows:

   a. Cosmo admitted the accuracy of the prosecutor's statement that Cosmo "actually lost approximately $80 million through the commodity trading activity." *See* Exhibit F at pages 52-54;

    b. Cosmo acknowledged "that between 100 and $200 million of investor money was lost due to [his] unauthorized trading activity and other unauthorized use of investor money." *See* Exhibit F at page 57;

    c. Cosmo stated that he "did not tell investors, and they did not otherwise know, that [he] was using the funds invested with Agape for futures trading." *See* Exhibit F at page 57;

    d. Cosmo admitted that he "participated in [the] solicitation of the money from investors and deposit of investor' funds into Agape and AMA knowing that false representations had been made concerning the true use to which these investors' funds would be put." *See* Exhibit F at pages 57-58; and

    e. Cosmo admitted that his futures trading "was a way of trying to make the interest that I was selling to pay [AWI and AMA investors] back." *See* Exhibit F at pages 58-59.

9. Attached hereto as Exhibit G is a true and correct copy of the sentencing proceedings in *USA v. Nicholas Cosmo*, 09-CR-255, held on October 14, 2011. Among the relevant portions of Cosmo's plea proceeding are as follows:

    a. The Court noted that "[w]e know that…approximately $84 million was lost by Mr. Cosmo engaging in futures and commodity trading." *See* Exhibit G at page 54; and

    b. The Court, citing Cosmo's statement during the plea proceedings, notes that Cosmo intended to defraud investors. *See* Exhibit G at pages 57-58.

10. Among the records I have reviewed are the following (which are collectively referred to as the "evidence"):

    a. all relevant bank and trading records gathered during this investigation;

b. interviews of AWI and AMA customers;

c. relevant documents and court filings pertaining to the bankruptcy litigation titled *In Re Agape World, Inc. et al.*, Case No. 09-70660 (DTE);

d. my previous Declaration which was originally filed as Document No. 2 "Affidavit in Support of Statutory Restraining Order" to ECF Entry No. 3 filed on January 29, 2009 which is reincorporated herein; and

e. Cosmo's Plea and Sentencing minutes.

11. Specifically, I have analyzed a total of fifteen futures trading accounts for the period of from January 2004 and December 2008, the relevant period identified in the Complaint ("Relevant Period"). The fifteen separate futures trading accounts were all maintained in the name of AWI ("AWI trading accounts") at eight separate FCMs. All AWI trading accounts were funded either by: (1) a bank account maintained by AWI in the name of AWI and controlled by Cosmo ("AWI bank account"); (2) from transfers from one or more of other AWI trading accounts, or (3) in the case of one AWI trading account, through an equities account in the name of AWI and controlled by Cosmo, that, in turn, was funded by transfers from the AWI bank account.

12. During the Relevant Period, a total of approximately $138,526,453.03 was deposited into the AWI trading accounts and the AWI trading accounts suffered trading losses of approximately $81,942.33.

\* \* \*

I declare under penalty of perjury that the foregoing is true and correct.

Executed at New York, New York on *September 26, 2012*

*Philip D. Rix*
Philip D. Rix