**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| U.S. Commodity Futures Trading Commission, | ) )  | 09 CV 00351 (LDW-ARL) |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **[PROPOSED] ORDER FOR ENTRY OF JUDGMENT BY DEFAULT WITH RELIEF INCLUDING A PERMANENT INJUNCTION, CIVIL MONETARY PENALTY AND OTHER EQUITABLE RELIEF AGAINST DEFENDANT NICHOLAS COSMO** |
| Nicholas Cosmo, Agape World, Inc. and Agape Merchant Advance LLC, | ) ) ) ) | |
| Defendants. | ) ) | |
| | ) ) ) ) | |

On January 27, 2009, the U.S. Commodity Futures Trading Commission ("Commission") filed a Complaint charging defendants Nicholas Cosmo ("Cosmo"), Agape World, Inc. ("AWI") and Agape Merchant Advance LLC ("AMA") (collectively "Defendants") with unauthorized trading in violation of Section 4b(a)(2)(i) and (iii) of the Commodity Exchange Act (the "Act"), 7 U.S.C. §§ 6b(a)(2)(i) and (iii) and Section 4b(a)(1)(A) and (C) of the Act, as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008 ("CRA")), §§ 13101 - 13204, 122 Stat. 1651 (enacted June 18, 2008), to be codified at 7 U.S.C. §§ 1 *et seq*.  In addition, Cosmo was charged as a controlling person of AWI and AMA pursuant to Section 13(b) of the Act, 7 U.S.C. § 13c(b) ("Complaint").

On January 27, 2009, the Court issued an *Ex Parte* Statutory Restraining Order ("SRO"), which, among other things, froze the Defendants' assets, granted the Commission immediate access to all books and records related to the Defendants' business, and ordered that the Defendants provide to the Commission a full accounting of their assets and funds.

On January 29, 2009, copies of the Summons and Complaint were properly served upon Cosmo pursuant to Rule 4(e)(2)(a) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and proof of such service was filed with the Court on January 29, 2009 (ECF Entry No. 8).  On March 24, 2009, this Court entered Consent Orders of Preliminary Injunction Against Defendants ("PI") filed on March 23, 2009 (ECF Entry No. 18).  Pursuant to the PI, this matter was stayed pending the resolution of Cosmo's parallel criminal matter, *United States of America v. Nicholas Cosmo*, Docket No. CR-09-255 (DRH) ("criminal matter" or "criminal proceeding").  Subsequent to the resolution of Cosmo's criminal matter, on March 19, 2012, the Court granted the Commission's motion to lift the stay in the instant matter and provided Cosmo until April 9, 2012 to file an Answer (ECF Entry No. 28).  Cosmo has failed to file an Answer within the time permitted by Rule 12(a)(1) of the Fed. R. Civ. P.

On July 26, 2012, the Clerk of the Court issued a Certificate of Default as to Cosmo for failing to answer the Complaint or otherwise plead to the Complaint within the time required by law (ECF Entry No. 34).  The Commission served Defendants with a copy of the Clerk's Certificate of Default on July 27, 2012 and filed a Certificate of Service on August 1, 2012 (ECF Entry No. 35).

The Commission has now submitted its Application for Entry of Default Judgment, Permanent Injunction and Ancillary Relief ("Application") against Cosmo pursuant to F.R.C.P. 55(b)(2) and Local Rule 55.2(b).  The Court has carefully considered the Complaint, the allegations of which are well-pleaded and hereby taken as true, the Application, and other written submissions of the Commission filed with the Court, finding no just reason for delay and being fully advised in the premises, hereby:

**GRANTS** the Commission's Application for Entry of Judgment by Default Against Defendant Nicholas Cosmo and enters findings of fact and conclusions of law finding Cosmo liable for violating anti-fraud provisions of Section 4b of the Act, 7 U.S.C. § 6b, as alleged in the Complaint.  The Court further grants the Commission's request for injunctive relief, a civil monetary penalty and other equitable relief and issues this Order for Entry of Judgment by Default with Relief Including a Permanent Injunction, Civil Monetary Penalty and Other Equitable Relief Against Defendant Cosmo ("Order").

## I.     FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A.     Jurisdiction and Venue**

      **1.     Jurisdiction and Venue**

This Court has jurisdiction over this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, which provides that whenever it shall appear to the Commission that any person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation, or order thereunder, the Commission may bring an action in the proper district court of the United States against such person to enjoin such act or practice, or to enforce compliance with the Act, or any rule, regulation or order thereunder.

Venue properly lies with the Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e), because Defendants transacted business in this District, and acts and practices in violation of the Act have occurred within this District.

Plaintiff United States Commodity Futures Trading Commission is an independent federal regulatory agency charged with the responsibility for administering and enforcing the provisions of the Act, as amended, to be codified at 7 U.S.C. §§ 1 *et seq.*, and the Regulations promulgated thereunder, 17 C.F.R. §§ 1.1 *et seq.* (2012).

Cosmo currently resides in Fort Dix, New Jersey.  Defendant Cosmo has never been registered with the Commission in any capacity.

**B**.    **Findings of Fact**

From at least January 2004 through December 2008 ("Relevant Period"), Cosmo engaged in a fraudulent scheme in which tens of millions of dollars were solicited from investors for the stated purpose of investing in bridge loans and merchant advances but Cosmo instead engaged in unauthorized commodity futures trading which resulted in millions of dollars in losses.  None of this trading or these trading losses was disclosed to investors.

Cosmo was the owner of AWI and AMA and identified himself as the President of AWI. Cosmo also exercised control over AWI and AMA's bank and trading accounts.   During the Relevant Period, without the consent or knowledge of the AWI and AMA (the "Agape Entities'") investors, Cosmo caused Agape Entities' investor funds to be transferred from the AWI and AMA bank accounts to various commodity futures trading accounts maintained in the name of Cosmo, AWI, and/or AMA at various futures commission merchants ("FCMs"), all of whom were registered with the Commission, for the purpose of trading commodity futures.

For example, in account opening documents for a commodity futures trading account in the name of AWI at an FCM, Cosmo identified himself as President of AWI and represented that he had sole control over trading in this trading account.  Cosmo further represented in his account paperwork at that FCM that no other persons or entities had a financial interest in this trading account.  This statement was false since this account was funded with funds from Agape Entities' investors.

Without the consent or knowledge of investors, Cosmo traded futures contracts in these various FCM trading accounts and lost tens of millions of dollars.  This trading activity and trading losses were never disclosed to the Agape Entities' investors.

Cosmo engaged in the acts and practices described above knowingly or with reckless disregard for their truth.

**B.     Conclusions of Law**

**1.     Cosmo is Liable for Violations of Section 4b(a), 7 U.S.C. § 6b(a)**

Section 4b(a), 7 U.S.C. § 6b(a), makes it unlawful for any person to cheat or defraud or attempt to cheat or defraud or willfully deceive or attempt to deceive by any means whatsoever other persons in or in connection with orders to make, or the making of, contracts of sale of commodities for future delivery, made, or to be made, for or on behalf of such other persons.

By the conduct described herein, in or in connection with futures contracts, made, or to be made, for or on behalf of other persons, Cosmo cheated or defrauded or attempted to cheat or defraud investors or prospective investors, and willfully deceived or attempted to deceive investors or prospective investors by, among other things, soliciting funds from investors for the stated purpose of investing in bridge loans but, instead, engaging in unauthorized commodity futures trading which resulted in tens of millions of dollars in losses.  In his guilty plea, Cosmo admitted that he had lost approximately $80 million through his commodities trading activity. None of these trading activities or these trading losses was disclosed to investors.  Accordingly, Cosmo violated Section 4b(a) of the Act, 7 U.S.C. § 6b(a).

**2.     A Permanent Injunction, Civil Monetary Penalty, and other Equitable Relief are Appropriate Remedies**

Permanent injunctive relief is warranted in light of the well-pleaded facts alleged in the Complaint, the egregious nature of Cosmo's conduct in unauthorized futures trading, and

Cosmo's scienter in conducting a multi-year scheme to systematically defraud investors. These facts demonstrate a reasonable likelihood of future violations.

Imposition of a statutory maximum civil monetary penalty is an appropriate in this case because Cosmo's violations of the anti-fraud provisions of the Act were intentional and significantly harmed numerous investors. Further, although restitution and disgorgement are also warranted, restitution has already been ordered in the criminal matter.

## II.      ORDER FOR RELIEF

**A.     Permanent Injunction**

**IT IS HEREBY ORDERED THAT**:

Pursuant to Section 6c of the Act, as amended, 7 U.S.C. § 13a-1, Defendant Cosmo is permanently restrained, enjoined and prohibited from directly or indirectly, in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery that is made, or to be made, for or on behalf of, or with, any other person, – (A) cheating or defrauding or attempting to cheat or defraud other persons; or (C) willfully deceiving or attempting to deceive other persons by any means whatsoever in regard to any order or contract or the disposition or execution of any order or contract, or in regard to any act of agency performed, with respect to any order or contract for or with the other person in violation of Section 4b(a) of the Act, as amended by the CRA and the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, Pub. L. No. 111-203, Title VII (the Wall Street Transparency and Accountability Act of 2010), §§701-774, 124 Stat. 1376 (enacted July 21, 2010), to be codified at 7 U.S.C. § 6b(a).

Defendant Cosmo is also permanently restrained, enjoined, and prohibited, directly or indirectly:

(a)      in any activity related to trading in any commodity, as that term is defined in Section 1a(4) of the Act, 7 U.S.C. § 1a(4) ("commodity interest"), including but not limited to, the following:

    i.      from trading of any commodity interest account for himself or on behalf of any other person or entity;

    ii.      from soliciting, receiving, or accepting any funds in connection with the purchase or sale of any commodity interest contract;

    iii.      from applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9), or acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. §3.1(a), agent, or any other officer or employee of any person (as that term is defined in Section 1a of the Act, as amended, to be codified at 7 U.S.C. §1a) registered, exempted from registration or required to be registered with the Commission, except as provided for in Regulation 4.14(a)(9); and

    iv.      from engaging in any business activities related to commodity interest trading.

The injunctive provisions of this Order shall be binding upon Cosmo, upon any person who acts in the capacity of officer, agent, servant, employee, attorney, successor and/or assign of Cosmo and upon any person who receives actual notice of this Order, by personal service or otherwise, insofar as he or she is acting in active concert or participation with Cosmo.

**B.      Civil Monetary Penalty**

**IT IS FURTHER ORDERED THAT:**

Cosmo shall pay to the Commission a civil monetary penalty ("CMP") in the amount of

$240 million, equal to triple Defendants' monetary gain of $80,000,000 (the amount of investor

funds lost in commodity futures trading and thus not returned to investors), plus post-judgment

interest.  Post-judgment interest shall accrue on the CMP beginning on the date of entry of this

Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of

this Order pursuant to 28 U.S.C. § 1961.  **Provided that,** Cosmo's CMP obligation shall not be

satisfied until Cosmo has fully paid the $179,195,232.63 in restitution ordered by the Court in

*United States of America v. Nicholas Cosmo*, Docket No. CR-09-255 (DRH), United States

District Court for the Eastern District of New York.

Cosmo shall pay the CMP by electronic funds transfer, U.S. postal money order, certified

check, bank cashier's check, or bank money order.  If payment is to be made other than by

electronic funds transfer, the payment shall be made payable to the Commodity Futures Trading

Commission and sent to the address below:

> Commodity Futures Trading Commission
> Division of Enforcement
> Attn:  Linda Zurhorst – AMZ-341
> DOT/FAA/MMAC
> 6500 S. MacArthur Blvd.
> Oklahoma City, OK 73169
> (405) 954-5644

If payment is to be made by electronic funds transfer, Cosmo shall contact Linda

Zurhorst or her successor at the above address to receive payment instructions and shall fully

comply with those instructions.  Cosmo shall accompany payment of his CMP with a cover letter

that identifies Cosmo and the name and docket number of this proceeding.  Cosmo shall

simultaneously transmit copies of the cover letter and the form of payment to: (a) the Director, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1151 21st Street, NW, Washington, DC 20581; and (b) the Chief, Office of Cooperative Enforcement, Division of Enforcement, at the same address.

Any acceptance by the Commission of partial payment from Cosmo of his CMP shall not be deemed a waiver of Cosmo's obligation to make further payments pursuant to this Order, or a waiver of the Commission's right to seek to compel payment from Cosmo of any remaining balance.

The civil monetary, statutory and equitable relief provisions of this Order shall be binding upon Cosmo and any person who is acting in the capacity of officer, agent, servant, employee, or attorney of Cosmo, and any person acting in active concert or participation with Cosmo who receives actual notice of this Order by personal service or otherwise.

**C.**     **Service of Order and Notices**

        **IT IS FURTHER ORDERED THAT:**

Copies of this Order shall be served and all notices required to be given by any provision in this Order shall be sent certified mail, return receipt requested, as follows:

Notice to Commission:

        Division of Enforcement
        U.S. Commodity Futures Trading Commission
        140 Broadway, 19th Floor
        New York, NY 10005

Notice to Cosmo:

        Nicholas Cosmo
        Register No. 49193-053
        FCI Fort Dix
        Federal Correctional Institution
        P.O. Box 2000
        Fort Dix, NJ 08640

Notice to AWI and AMA:

> Jay S. Hellman, Esq.
> Silverman Acampora LLP
> 100 Jericho Quadrangle, Suite 300
> Jericho, NY 11753

All such notices to the Commission shall reference the name and docket number of this action.

**D.     Continuing Jurisdiction**

**IT IS FURTHER ORDERED THAT:**

This Court shall retain jurisdiction over this action to implement and carry out the terms of this Order, to ensure compliance with this Order, and for all other purposes related to this action.

**SO ORDERED**, at _____, New York on this ___ day of _____, 2012.

_____
UNITED STATES DISTRICT JUDGE

Respectfully submitted,

U.S. COMMODITY FUTURES TRADING
COMMISSION
Stephen J. Obie
Regional Counsel

By:____/s/ Elizabeth C. Brennan_____
    Elizabeth C. Brennan
    Trial Attorney
    Steven Ringer
    Chief Trial Attorney
    U.S. COMMODITY FUTURES TRADING
    COMMISSION
    140 Broadway, 19th Floor
    New York, New York 10005
    (646) 746-9747
    (646) 746-9939 (facsimile)
    ebrennan@cftc.gov