UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | 09-CV-00351 LDW-ARL |
| Plaintiff, | CONSENT ORDER OF PERMANENT INJUNCTION AND OTHER ANCILLARY RELIEF AGAINST AGAPE WORLD, INC. AND AGAPE MERCHANT ADVANCE LLC |
| v. | |
| NICHOLAS COSMO, AGAPE WORLD, INC. and AGAPE MERCHANT ADVANCE LLC, | |
| Defendants. | |

## I. INTRODUCTION

On January 27, 2009, Plaintiff U.S. Commodity Futures Trading Commission ("Commission") filed a complaint in the above-captioned action against Nicholas Cosmo ("Cosmo"), Agape World, Inc. ("Agape World"), and Agape Merchant Advance, LLC ("Agape Merchant") (collectively "Defendants") seeking injunctive and other equitable relief, as well as the imposition of civil penalties, for violations of the Commodity Exchange Act ("CEA" or "Act"), as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008 ("CRA")), §§ 13102, 122 Stat. 1651 (effective June 18, 2008), to be codified at 7 U.S.C. §§ 1 *et seq.* On that same date, the Court also issued an *Ex Parte* Statutory Restraining Order.

On March 24, 2009, the Court approved stipulations of Consent Preliminary Injunctions ("Preliminary Injunctions") as to all three Defendants. Pursuant to the terms of the Preliminary Injunctions, the above-captioned action was stayed pending resolution by Final Judgment and Order by the District Court in the Eastern District of New York of Defendant Cosmo's related

criminal proceeding, captioned *U.S. v. Nicholas Cosmo*, Docket # 09-M-0066. By Court order dated May 3, 2011, the instant litigation was administratively removed from the calendar and closed without prejudice.

On March 19, 2012, the Court granted the Commission's motion to re-open the instant litigation and lift the stay of proceedings.

Agape World and Agape Merchant (collectively "Agape Entities") are Debtors in a Chapter 7 bankruptcy proceeding pending in the Eastern District of New York captioned *In re Agape World, Inc. et al.*, Case No. 09-70660 (DTE), which was filed on February 5, 2009 and substantively consolidated by Order of the Bankruptcy Court on April 14, 2009. On February 12, 2009, the Bankruptcy Court approved the election of Kenneth P. Silverman, Esq., as interim Chapter 7 trustee ("Trustee"), and subsequently as permanent Trustee in the Agape Entities' substantively consolidated bankruptcy case.

## II. CONSENTS AND AGREEMENTS

To effect settlement of matters alleged in the Complaint in this action against the Agape Entities without a trial on the merits or any further judicial proceedings, Defendants Agape World and Agape Merchant:

1. Consent to the entry of this Consent Order of Permanent Injunction and Other Equitable Relief Against Agape World, Inc. and Agape Merchant Advance LLC ("Consent Order");

2. Affirm that they have read and agreed to this Consent Order voluntarily, and that no promise, other than as specifically contained herein, or threat, has been made by the Commission or any member, officer, agent or representative thereof, or by any other person, to induce consent to this Consent Order;

2

3. Acknowledge service of the Summons and Complaint;

4. Admit the jurisdiction of this Court over the Agape Entities and the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1;

5. Admit the jurisdiction of the Commission over the conduct and transactions at issue in this action pursuant to the Act, 7 U.S.C. §§ 1, *et seq.*;

6. Admit that venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e);

7. Waive:

    a. Any and all claims that the Agape Entities may possess under the Equal Access to Justice Act ("EAJA"), 5 U.S.C. § 504 (2006) and 28 U.S.C. § 2412 (2006), and/or the rules promulgated by the Commission in conformity therewith, Part 148 of the Regulations, 17 C.F.R. §§ 148.1 *et seq.* (2012), relating to, or arising from, this action;

    b. Any and all claims that the Agape Entities may possess under the Small Business Regulatory Enforcement Fairness Act of 1996, Pub. L. No. 104-121, §§ 201-253, 110 Stat. 847, 857-868 (1996), as amended by Pub. L. No. 110-28, § 8302, 121 Stat. 112, 204-205 (2007), relating to, or arising from, this action;

    c. Any claim of Double Jeopardy based upon the institution of this action or the entry in this action of any order imposing a civil monetary penalty or any other relief, including this Consent Order;

    d. All rights of appeal from this action.

8. Consent to the continued jurisdiction of this Court over the Agape Entities for the purpose of implementing and enforcing the terms and conditions of this Consent Order and for

any other purposes relevant to this case, even if the Agape Entities now or in the future reside outside the jurisdiction of this Court;

9. Agree that the Agape Entities will not oppose enforcement of this Consent Order by alleging that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure and waives any objection based thereon;

10. Neither admit nor deny the allegations of the Complaint except as to jurisdiction and venue, which the Agape Entities admit. The Agape Entities do not consent to the use of the allegations of the Complaint or the Consent Order as the sole basis for any other proceeding brought by the Commission, other than a proceeding to enforce the terms of this Consent Order or a Commission registration proceeding relating to the Agape Entities pursuant to Section 8a of the Act, 7 U.S.C. §12a(1), and/or Part 3 of the Regulations, 17 C.F.R. §§3.1 *et seq.* Solely with respect to any proceeding to enforce this Consent Order and any Commission registration proceeding relating to the Agape Entities pursuant to Section 8a of the Act, 7 U.S.C. §12a(1), and/or Part 3 of the Regulations, 17 C.F.R. §§3.1 *et seq.*, the Agape Entities agree that the allegations of the Complaint and this Consent Order shall be taken as true and correct and be given preclusive effect, without further proof. Except as set forth in this paragraph 10, the parties intend that the consent Order and/or the Complaint will not be used, admissible or given preclusive effect in any other proceeding, and nothing in this Consent Order shall be construed to confer any rights on any third parties or inure to the benefit of any third parties;

11. Agree that neither the Agape Entities nor any of their agents or employees under their authority or control shall take any action or make any public statement denying, directly or indirectly, any allegation in the Complaint, or creating or tending to create the impression that the Complaint and/or this Consent Order is without a factual basis; provided, however, that

4

nothing in this provision shall affect the Agape Entities: (a) testimonial obligations, or (b) right to take positions in other proceedings to which the Commission is not a party. The Trustee shall take all steps necessary to ensure agents and employees under the Trustee's authority or control comply with this provision;

12. Agree that no provision of this Consent Order shall in any way limit or impair the ability of any other person or entity to seek any legal or equitable remedy against either Agape Entity in any other proceeding.

### III. ORDER OF PERMANENT INJUNCTION

**IT IS HEREBY ORDERED THAT:**

13. Pursuant to Section 6c of the Act, as amended, 7 U.S.C. § 13a-1, the Agape Entities are permanently restrained, enjoined and prohibited from directly or indirectly:

   a. in or in connection with any order to make, or the making of, any contract of sale of any commodity in interstate commerce or for future delivery that is made, or to be made, on or subject to the rules of a designated contract market, for or on behalf of any other person (A) cheating or defrauding or attempting to cheat or defraud the other person; (C) willfully deceiving or attempting to deceive the other person by any means whatsoever in regard to any order or contract or the disposition or execution of any order or contract, or in regard to any act of agency performed, with respect to any order or contract for or, in the case of paragraph (2), with the other person in violation of Section 4b(a)(1) of the Act, as amended by the CRA, to be codified at 7 U.S.C. §§ 6b(a)(1);

5

    b. in or connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, or other agreement, contract, or transaction subject to paragraphs (1) and (2) of section 5a(g), that is made, or to be made, for or on behalf of, or with, any other person, other than on or subject to the rules of a designated contract market (A) cheating or defrauding or attempting to cheat or defraud the other person; (C) willfully deceiving or attempting to deceive the other person by any means whatsoever in regard to any order or contract or the disposition or execution of any order or contract, or in regard to any act of agency performed, with respect to any order or contract for or, in the case of paragraph (2), with the other person in violation of Section 4b(a)(2) of the Act, as amended by the CRA, to be codified at 7 U.S.C. §§ 6b(a)(2).

14. The Agape Entities are also permanently restrained, enjoined, and prohibited from directly or indirectly:

    a. Trading on or subject to the rules of any registered entity (as that term is defined in Section 1a of the Act, as amended, 7 U.S.C. § 1a);

    b. Entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in Regulation 1.3(hh), 17 C.F.R. § 1.3(hh) (2012)) ("commodity options"), security futures products, and/or foreign currency (as described in Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act, as amended, 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i)) ("forex contracts") for their own personal account or for any account in which they have a direct or indirect interest;

    c. Having any commodity futures, options on commodity futures, commodity options, security futures products, and/or forex contracts traded on their behalf;

    d. Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, security futures products, and/or forex contracts;

    e. Soliciting, receiving or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, security futures products, and/or forex contracts;

    f. Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2012); and/or

    g. Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2011)), agent or any other officer or employee of any person (as that term is defined in Section 1a of the Act, as amended, 7 U.S.C. § 1a) registered, exempted from registration or required to be registered with the Commission except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2012).

Nothing contained in this paragraph 14 shall apply to the Trustee other than in his capacity as the Agape Entities' Chapter 7 trustee and shall not apply to the Trustee in his individual capacity or to his counsel, SilvermanAcampora LLP, other than in their capacity as counsel to the Trustee in the Agape Entities' Chapter 7 case.

## IV. MISCELLANEOUS PROVISIONS

15. Notwithstanding any other provision of this Consent Order, the Trustee's administration of the Agape Entities' bankruptcy estate shall not be prohibited or restricted by

7

this Consent Order, and nothing in this Consent Order is intended to limit or constrain or alter the Trustee's fulfillment of his responsibilities and duties as Trustee under the laws of the United States, the Bankruptcy Code and/or the Orders of the United States Bankruptcy Court including, but not limited to, those duties related to the maintenance, preservation, marshaling and distribution of the Agape Entities' assets in accordance with the above authority.

16. Cooperation: Subject to any legally recognized privilege that may be asserted by the Trustee, the Agape Entities shall cooperate fully and expeditiously with the Commission, including the Commission's Division of Enforcement, and any other governmental agency, department or office in this action, and in any investigation, civil litigation, or administrative matter related to the subject matter of this action or any current or future Commission investigation related thereto.

17. Notice: All notices required to be given by any provision in this Consent Order shall be sent certified mail, return receipt requested, as follows:

Notice to Commission:
Stephen J. Obie
Regional Counsel
Division of Enforcement
U.S. Commodity Futures Trading Commission
140 Broadway, 19th Floor
New York, NY 10005

Notice to Agape World, Inc. and Agape Merchant Advance LLC:
Jay S. Hellman, Esq.
SilvermanAcampora LLP, attorney for Kenneth P. Silverman, Esq. Chapter 7 Trustee
100 Jericho Quadrangle, Suite 300
Jericho, NY 11753

18. Authority: The Agape Entities have obtained prior approval from the United States Bankruptcy Court for the Eastern District of New York, in *In re Agape World, Inc. et al.*, Case No. 09-70660 (DTE), to enter into this Consent Order and Kenneth P. Silverman Esq.,

8

Chapter 7 Trustee, or anyone so designated on his behalf, has been duly empowered to sign and submit this Consent Order on behalf of the Agape Entities. Bankruptcy Case No. 09-70660 (DTE).

19. Injunctive and Equitable Relief Provisions: The injunctive and equitable relief provisions of this Consent Order shall be binding upon the Agape Entities, upon any person under their authority or control, and upon any person who receives actual notice of this Consent Order, by personal service, e-mail, facsimile or otherwise, insofar as he or she is acting in active concert or participation with either Agape Entity.

20. Entire Agreement and Amendments: This Consent Order incorporates all of the terms and conditions of the settlement among the parties hereto to date. Nothing shall serve to amend or modify this Consent Order in any respect whatsoever, unless: (a) reduced to writing; (b) signed by all parties hereto; and (c) approved by order of this Court.

21. Invalidation: If any provision of this Consent Order, or if the application of any provision or circumstances is held invalid, the remainder of this Consent Order and the application of the provisions to any other person or circumstances shall not be affected by the holding.

22. Waiver: The failure of any party to this Consent Order at any time to require performance of any provision of this Consent Order shall in no manner affect the right of the party at a later time to enforce the same or any other provision of this Consent Order. No waiver in one or more instances of the breach of any provision contained in this Consent Order shall be deemed to be or construed as a further or continuing waiver of such breach of waiver of the breach of any other provision of this Consent Order.

23. Counterparts and Facsimile Execution: This Agreement may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each of the parties hereto and delivered (by facsimile, e-mail, or otherwise) to the other party, it being understood that all parties need not sign the same counterpart. Any counterpart or other signature to this Agreement that is delivered by facsimile shall be deemed for all purposes as constituting good and valid execution and delivery by such party of this Agreement.

24. Continuing Jurisdiction of this Court: This Court shall retain jurisdiction of this cause to ensure compliance with this Order and for all other purposes related to this action, including any motion by either Agape Entity to modify or for relief from the terms of this Consent Order.

25. The Agape Entities understand that the terms of the Consent Order are enforceable through contempt proceedings, and that, in any such proceedings they may not challenge the validity of this Consent Order.

There being no just reason for delay, the Clerk of the Court is hereby directed to enter this *Consent Order Of Permanent Injunction and Other Ancillary Relief Against Agape World, Inc. and Agape Merchant Advance LLC.*

IT IS SO ORDERED

DATED:   Central Islip, New York
         _____, 2012

_____
LEONARD D. WEXLER
United States District Judge

11

CONSENTED TO AND APPROVED BY:

_____
Kenneth P. Silverman, Esq., solely in his
capacity as Chapter 7 Trustee for Defendants
Agape World, Inc. and Agape Merchant
Advance LLC

Date: 1/25/2013

_____
Elizabeth C. Brennan
Commodity Futures Trading Commission
140 Broadway, 19th floor
New York, NY 10005
(646) 746-9747
(646) 746-9939, 9940 (facsimiles)
ebrennan@cftc.gov

Date: Nov. 30, 2012

Approved as to form:

_____
Jay S. Hellman, Esq.
SilvermanAcampora LLP
Attorneys for Kenneth P. Silverman, Esq.,
the Chapter 7 Trustee
100 Jericho Quadrangle
Jericho, New York 11753
(516) 479-6300

12